## CLAIM SET UP ON APPEAL FOR MORE THAN JURISDICTION OF THE MAGISTRATE.

### Circuit Court of Cuyahoga County.

### LEVI WHERRY v. EDWARD FROLICK.

### Decided, February 11, 1907.

*Pleading and Practice—Jurisdictional Amount in Actions Appealed from Justice Courts—Assignment of Plaintiff During Pendency of Suit Not a Defense.*

1. In an action appealed from a justice of the peace, a cross-petition which asks for an amount in excess of the amount of which the justice would have had jurisdiction, should be stricken from the files.

2. An assignment by plaintiff for the benefit of creditors during the pendency of a suit is not a matter of defense and application of defendant for leave to file a supplemental answer setting up that fact is properly refused.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

There is no error in the record in this case, prejudicial to plaintiff in error.

The cross-petition of plaintiff in error, defendant below, was properly stricken off, because, the case coming on appeal from a justice court, the amount set up for the first time in the common pleas court, by cross-petition, was beyond the jurisdiction of a justice of the peace. *Bank* v. *Waldridge,* 19 O. S., 427; *Bill Publishing Co.* v. *Curtiss,* 7 N. P., 202

There was no error in refusing leave to refile said cross-petition as part of the answer.

This ruling was made at the trial. Some time before that defendant had been granted leave to answer, and his time therefor expired without his taking advantage of it. His last request came too late, and it was within the discretion of the trial judge to refuse it.

There was no error in refusing the request for leave to file a supplemental answer, setting up the fact that the plaintiff, since the commencement of the action, had made a general assignment for the benefit of creditors. Section 5012, Revised Statutes; *Lowrey* v. *Anderson,* 57 O. S., 179.

The denial in the answer of the allegation in the petition that on the account sued upon "there is due and payable from the defendant to this plaintiff the sum of $257.86 with interest," is but the denial of legal conclusions.

The words "due and payable," as used by the pleader means "owing." See 5 Enc. Digest of Ohio Reports, 235, where the authorities on this subject are collected.

Interest arises by operation of statute and to deny that interest is due on an unpaid account, is to deny a matter of law, and not of fact.

Judgment was properly rendered on the pleadings, for the defendant in error, and it is affirmed.